ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CARLOS RIVERA ROMÁN<br><br>**RECURRENTE**<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>**RECURRIDA** | KLRA202300540 | Revisión administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. ICG-1348-2023<br><br>Sobre: Bonificaciones |

Panel integrado por su presidente, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

El 18 de octubre de 2023, el señor Carlos Rivera Román, (en adelante, el señor Rivera Román o parte recurrente), presentó el recurso de epígrafe ante este Tribunal. El 1 de noviembre de 2023 se le concedió un término de 30 días a la parte recurrida para presentar su alegato en oposición. El 1 de diciembre de 2023, el Departamento de Corrección y Rehabilitación compareció con su alegato en oposición ante este foro.

Los hechos pertinentes para atender este recurso son los siguientes.

**I.**

El señor Rivera Román fue sentenciado a 8 años por violar el Art. 5.05 de la Ley de Armas, (en adelante Ley en Armas), Ley Núm. 404-2000, 25 LPRA, (hoy derogada) y según enmendada por la Ley Núm. 137-2004.[1] Así las cosas, el 5 de septiembre de 2023, el señor Rivera Román presentó una solicitud de remedio administrativo

---

[1] Del recurso presentado no se desprende en qué momento el señor Rivera Román comenzó a cumplir su sentencia.

Número Identificador

SEN2023_____

ante el Departamento de Remedios Administrativos. En esencia, solicitó ante la agencia que se le acreditaran las bonificaciones que había recibido de manera retroactiva por estudiar y trabajar por un año en la Institución Ponce 1000. El señor Henry Luna Bravo, Evaluador, emitió respuesta el mismo 5 de septiembre de 2023 y notificada al recurrente el 6 de septiembre de 2023. El Evaluador desestimó la solicitud de remedio administrativo, toda vez que había sido presentado un recurso solicitando el mismo asunto previamente,[2] de acuerdo con lo establecido en la Regla XIII, inciso 5 (c), del Reglamento Núm. 8583. No empece a esto, el 12 de septiembre de 2023, el señor Rivera Román presentó una solicitud de reconsideración ante la agencia.

Posteriormente, el 28 de septiembre de 2023, la señora Melisa Ruiz Sepúlveda, Coordinadora, denegó la solicitud presentada y orientó al recurrente del porqué de la denegatoria.[3] A diferencia de la primera denegatoria que emitió el Evaluador, por ser una segunda solicitud sobre un mismo asunto, y según lo establecido en el Reglamento 8583, la Coordinadora le orientó que no se le puede aplicar bonificación, toda vez que una violación al Art. 5.05 de la Ley de Armas no cualifica para bonificaciones. Esta denegatoria fue notificada el mismo día.

Inconforme con la decisión, el recurrente presentó este recurso en el que hace el siguiente señalamiento de error:

> **Los recursos Administrativos (sic) (DRA) ni la adm. De Corrección (sic) (DCR) atendieron correctamente el asunto plantiado (sic) de bonificaciones retroactivas, evaden lo que el Supremo y la ley establecen en sus reglamentos.**

Con el beneficio de la comparecencia de ambas partes procedemos a resolver.

---

[2] ICG-1176-2023.
[3] ICG-1348-2023.

## II.

### A. *Deferencia Judicial a las Resoluciones Administrativas*

Las determinaciones de las agencias administrativas están sujetas a la revisión judicial del Tribunal de Apelaciones. La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de los organismos administrativos. La revisión judicial tiene el objetivo de asegurar que las agencias actúen conforme a las facultades concedidas por ley. Los tribunales revisores debemos conceder deferencia a las decisiones de las agencias, debido a su experiencia y conocimiento especializado sobre los asuntos ante su consideración. Los dictámenes de las agencias gozan de una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente prueba para derrotarla. *OEG v. Martínez Giraud,* 210 DPR 79, 88-89 (2022); *AAA v. UIA*, 200 DPR 903, 910 (2018).

La parte que impugna judicialmente las determinaciones de hechos de una agencia tiene el peso de demostrar que no están basadas en el expediente o que las conclusiones del foro administrativo son irrazonables. La razonabilidad es el criterio rector al momento de pasar juicio sobre la decisión de una agencia. La revisión judicial está limitada a evaluar si la agencia actuó arbitraria, ilegalmente, de forma irrazonable o abusó de discreción. *OEG v. Martínez Giraud, supra,* a la pág. 89; *González Segarra et al v. CFSE,* 188 DPR 252, 277 (2013); *Otero v. Toyota,* 163 DPR 716, 728 (2005); *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2004).

La evidencia sustancial en la que debe estar basada la determinación administrativa, ha sido definida jurisprudencialmente como aquella que es relevante y que una mente razonable podría aceptar como adecuada para sostener una conclusión. Sin embargo, esta aceptación no podrá estar sostenida

por un ligero destello de evidencia o por simples inferencias. Las determinaciones de derecho de las agencias son revisables en todos sus aspectos. *OEG v. Martínez Giraud, supra,* pág. 90.

La revisión se ciñe a determinar si: (1) el remedio concedido por la agencia fue el apropiado, (2) las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo y (3) las conclusiones de derecho fueron correctas. Respeto a la resolución administrativa se sostiene hasta que no se presente evidencia suficiente para derrotar la presunción de legalidad. *OEG v. Martínez Giraud, supra,* a la pág. 90.

La deferencia a la interpretación que las agencias hacen sobre las leyes que le corresponde poner en vigor, cede cuando: 1) erró al aplicar la ley, 2) actuó arbitraria, irrazonable o ilegalmente o 3) lesionó derechos constitutivos fundamentales. El criterio administrativo no prevalece, cuando la interpretación estatutaria que realiza la agencia provoca un resultado incompatible o contrario al propósito para el cual se aprobó la legislación y con la política pública promovida. *OEG v. Martínez Giraud, supra.* a la pág. 91. *Asoc. Fcias. v. Caribe Specialty et al. II,* 179 DPR 923, 940 (2010); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35-36 (2018); *Otero v. Toyota, supra.*

### B. *Departamento de Corrección y Rehabilitación*

El Departamento de Corrección y Rehabilitación es el organismo gubernamental responsable de implementar la política pública relacionada al sistema correccional y al proceso de rehabilitación de adultos y de menores. **Como parte de sus funciones, facultades y deberes está asegurarse de la aplicación correcta de los sistemas de bonificación por trabajo y estudio que permitan las leyes aplicables**. Arts. 4 y 5(f) del Plan de Reorganización del Departamento de Corrección y Rehabilitación

Núm. 2 de 2011, 3 LPRA Ap. XVIII, Artículos 4 y 5(f). (Énfasis nuestro).

La Ley Núm. 116-1974 conocida como la Ley Orgánica de la Administración de Corrección, 4 LPRA sec. 1101 et seq, fue enmendada por la Ley Núm. 208-2009, conocida como la Ley Orgánica de la Administración de Corrección, y fue aprobada con el propósito de enmendar el Artículo 17 de dicha ley.[4] La enmienda sobre las bonificaciones por trabajo, estudio o servicios al término de cumplimiento de la sentencia dispone que:

> Bonificación por trabajo estudio o servicios
>
> A toda persona sentenciada por hechos cometidos con anterioridad de o bajo la vigencia del nuevo Código Penal del Estado Libre Asociado de Puerto Rico a cumplir pena de reclusión, en adición a las bonificaciones autorizadas en el artículo anterior, el Administrador de Corrección concederá las bonificaciones a razón de no más de cinco (5) días por cada mes en que el recluso esté empleado en alguna industria o que esté realizando estudios como parte de un plan institucional, bien sea en la libre comunidad o en el establecimiento penal donde cumple su sentencia, y preste servicio a la institución penal durante el primer año de reclusión. Por cada año subsiguiente, podrá abonarse hasta siete (7) días por cada mes.

La enmienda establecida en la Ley Núm. 208-2009, *supra,* entró en vigor a los ciento veinte (120) días de su aprobación y su aplicación fue retroactiva al 1 de mayo de 2005, fecha en que estaba en vigor el Código Penal 2004, 33 LPRA (hoy derogado). El Artículo 12 del Plan de Reorganización del Departamento de Corrección y Rehabilitación, Ley Núm. 2-2011, según enmendado, 3 LPRA Ap. XVIII, **incorporó la misma norma y texto que la Ley Núm. 208-2009,** *supra***, sobre las bonificaciones por trabajo y estudio.** (Énfasis nuestro).

---

[4] La Ley Núm. 116-1974, fue derogada y actualmente está vigente el Plan de Reorganización del Departamento de Corrección y Rehabilitación, Ley Núm. 2-2011, según enmendada. 3 LPRA Ap. XVIII.

### *C. Principio de Especialidad*

Si bien es sabido, el Código Penal de Puerto Rico, Ley Núm. 146-2012, 33 LPRA sec. 5001, según enmendado, es la legislación penal que impera en nuestro ordenamiento jurídico, también existe un principio de especialidad que ha sido reiterado por el Tribunal Supremo de Puerto Rico. A estos fines, la jurisprudencia interpretativa y el Art. 12 del Código Penal, *supra*, ha establecido que **cuando existen dos o más disposiciones estatutarias que regulan en aparente conflicto la misma materia, la disposición especial prevalecerá sobre la general.** *Pueblo v. Hernández Villanueva*, 179 DPR 872, 892 (2010).

En ese sentido, este principio descarta cualquier discreción que pueda tener el Estado sobre por cuál delito debe acusar, **pues hace mandatorio** la aplicación del estatuto especial sobre el general. *Pueblo v. Pérez Delgado*, 2023 TSPR 35, 211 DPR ___ (2023). Es decir, no solo aplicará al delito que debe acusar, sino que impide que se le apliquen beneficios que están expresamente prohibidos dentro de la ley especial, en este caso, la Ley de Armas, *supra*. (Énfasis nuestro).

Cuando un mismo hecho se regula por diversas disposiciones penales, **la disposición de la ley especial prevalece sobre la general**. **En estos casos se aplica <u>la ley especial</u>, ya que se parte del supuesto de que la finalidad de una regulación especial es excluir o desplazar la general**. El principio de especialidad está basado en que quien realiza el tipo específico siempre consuma el genérico. *Pueblo v. Ramos Rivas,* 171 DPR 826, 836-837 (2007). (Énfasis nuestro).

La Ley 137-2004 enmendó el Art. 5.05 de la Ley de Armas, *supra,* que tipifica el delito de fabricación, posesión y distribución

de armas blancas.[5] El artículo, según fue enmendado, expresa lo siguiente:

> Toda persona que sin motivo justificado usare contra otra persona, o la sacare, mostrare o usare en la comisión de un delito o su tentativa, manoplas, blackjacks, cachiporras, estrellas de ninja, cuchillo, puñal, daga, espada, honda, bastón de estoque, arpón, faca, estilete, arma neumática, punzón, o cualquier instrumento similar que se considere como un arma blanca, incluyendo las hojas de navajas de afeitar de seguridad, garrotes y agujas hipodérmicas, o jeringuillas con agujas o instrumentos similares, incurrirá en delito grave y convicta que fuere, será sancionada con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de seis (6) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de seis (6) meses y un (1) día. **Las penas que aquí se establecen serán sin derecho a sentencia suspendida, a salir en libertad bajo palabra, o a disfrutar de los beneficios de algún programa de desvío, bonificaciones o alternativas a la reclusión, reconocidas en esta jurisdicción, debiendo cumplir en años naturales la totalidad de la pena impuesta**. La prohibición establecida en este Artículo se extiende a cualquier persona recluida por la comisión de cualquier delito. (Subrayado nuestro).

El Reglamento Interno de Bonificación por buena conducta, trabajo, estudio y servicios excepcionalmente meritorios contiene un listado de los artículos de la Ley de Armas que están excluidos de bonificaciones por buena conducta, trabajo y estudio, entre los que se encuentra el Art. 5.05, *supra*.[6] No obstante, el Artículo III (3) establece que los miembros de la población correccional sentenciados por delitos cometidos con un arma **serán acreedores de bonificación, una vez hayan extinguido la sentencia por el delito de la Ley de Armas**.[7]

---

[5] Destacamos que la Ley Núm. 137-2004, sobre las enmiendas a la Ley de Armas, era la aplicable al momento de la sentencia del señor Rivera-Román. Es menester destacar que, al presente, la Ley de Armas vigente es la Ley Núm. 168-2019, según enmendada, 25 LPRA sec. 461.

[6] Véase, Reglamento Interno de Bonificación por buena conducta, trabajo, estudio y servicios excepcionalmente meritorios, pág. 5.

[7] Id. a la pág. 8.

**III**.

El recurrente cuestiona la negativa del Departamento de Corrección y Rehabilitación a conceder bonificaciones al término de su sentencia por violación al Art. 5.05 de la Ley de Armas, *supra*. Sin embargo, este señalamiento había sido objeto de revisión dos (2) veces ante la agencia. Como parte de la deferencia judicial que debemos a las agencias administrativas, examinamos el señalamiento de error por parte del recurrente y determinamos que no se cometió el error. La denegatoria de la agencia a acreditarle la bonificación, mientras extingue la sentencia, es un mandato de la Ley Núm. 137-2004, *supra*, toda vez que el artículo se cumple en años naturales y no da espacio a acreditar las bonificaciones.

Es menester destacar que, al presente, la Ley de Armas vigente es la Ley Núm. 168-2019, según enmendada, 25 LPRA sec. 461. Sin embargo, esta ley no es de aplicación a los hechos de este caso. Por la falta de información que surge de este recurso, no se puede precisar la fecha de la sentencia del señor Rivera-Román. Dicha omisión no coloca en posición a este Tribunal para derrotar la deferencia que debemos al organismo administrativo.

Como consecuencia, resolvemos que el Departamento de Corrección actuó correctamente al no conceder bonificaciones a la sentencia por violación al Artículo 5.05, *supra*. **Esta ley excluyó expresamente a los sentenciados por violación al Artículo 5.05, *supra*, del derecho a recibir bonificaciones en el término de su sentencia**. Así correctamente concluyó el foro administrativo durante las solicitudes de bonificaciones previamente realizadas. La mera insatisfacción por parte de la parte recurrente con el dictamen emitido no es motivo suficiente para que como tribunal apelativo intervengamos con la decisión administrativa. Pues la ley expresamente establece que la negativa a recibir bonificaciones,

mientras cumplen sentencia por violación al artículo 5.05 de la ley especial es clara y libre de ambigüedad.

**IV**.

Por los fundamentos antes expuestos, se confirma la resolución recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Domínguez Irizarry concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones